IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,

      Plaintiff,

v.                               Civ. No. 20-1493-LPS

BETH P. BERRIE, et al.,

      Defendants.

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

John A. Elzufon, Esquire, and Gary W. Alderson, Esquire, Elzufon Austin & Mondell, P.A., Wilmington, Delaware. Counsel for Defendants Beth P. Berrie and Gary W. Alderson.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Sean M. Lynn.

**MEMORANDUM OPINION**

September 14, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff"), who proceeds *pro se*, commenced this action on November 4, 2020 pursuant to 42 U.S.C. § 1983. (D.I. 1) Before the Court are Defendants' motions to dismiss and Plaintiff's motion-protest against harassment and intimidation and motion-request for the Court to rule on Defendants' motion to dismiss. (D.I. 8, 14, 15, 20)

## II. BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983. The Complaint states that "[t]his action is the result of an illegal scheme perpetrated within the Delaware State judicial system of gross deprivation of constitutional rights guaranteed by VI and XIV Amendments of the United States Constitution in cases where one of the parties is the national minority and *pro se* litigant." (D.I. 1 at 1) Plaintiff "is a national minority (of Ukrainian national origin)." (*Id.*)

Plaintiff alleges violations of the right to due process and equal treatment during a case she filed in the Court of Common Pleas of the State of Delaware in and for Kent County, *Shahin v. United Parcel Service (UPS) Store, Inc.*, C.A. No. CPU5-14-000379 (Del. Com. Pl.). (D.I. 9-1 at 8-9) The litigation involved a claim for damages after a package Plaintiff had shipped was allegedly damaged while in transit from Delaware to Oregon. (D.I. 1 at 3) Plaintiff alleges that during the litigation, Defendant Beth P. Berrie ("Berrie"), the owner of UPS Store #4435,[1] "breached state law and contractual obligations;" that Defendant Sean M. Lynn ("Lynn"), an attorney who initially represented JKMR, lied, presented fraud to the court, and committed acts of professional misconduct; and that Defendant Gary W. Alderson ("Alderson"), the second attorney who

---

[1] The store was incorporated as JKMR, LLC doing business as "The UPS Store" ("JKMR"). (*See* D.I. 9-1 at 47-48)

1

represented JKMR, violated Delaware law and the terms of the contract between Plaintiff and UPS, presented fraud and lies to the court, and committed perjury through fraudulent statements to the court and the filing of fraudulent motions. (D.I. 1 at ¶¶ 1-4, 6-8, 10, 12, 13, 17, 22, 25, 33, 34, 42-55)

The Court takes judicial notice that the Court of Common Pleas entered summary judgment against Plaintiff for failure to join and serve an indispensable party; the Superior Court affirmed the decision; Plaintiff then appealed the Superior Court's July 10, 2018 Order (denying her motion for reconsideration of the Superior Court's May 9, 2018 Order). *Shahin v. UPS Store, Inc.*, 2019 WL 856600, 204 A.3d 1266 (Del. Feb. 21, 2019) (table). Plaintiff appealed to the Delaware Supreme Court, which affirmed on the basis of the Superior Court's decisions. *Id.*

The Complaint states that "[a]lthough this case is actually that [sic] 'redress' under provision of 42 U.S.C. § 1983, each and every Defendant will be accused under separate provisions of the State Statutes." (D.I. 1 at 2) Count I is raised against Berrie and alleges breach of state law and contractual obligation; Count II is raised against Lynn and alleges misrepresentation of the identity of the original (State) defendant, and further alleges lies and fraud were presented to the court in violation of the Rule of the Court of Common Pleas; and Count III is raised against Alderson and alleges violations of Delaware law, violations of terms of the Plaintiff's contract with the local UPS store, and that fraud and lies were presented to the Court of Common Pleas. (D.I. 1 at 15-17) Plaintiff seeks compensatory and punitive damages. (*Id.* at 19)

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted and fails to establish subject matter jurisdiction. Plaintiff opposes.

## III. LEGAL STANDARDS

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may present either a facial or factual challenge to the Court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the Court accepts a plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the Court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff

must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. In evaluating a motion to dismiss, the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Plaintiff filed this action "under provisions of 42 U.S.C. § 1983." (D.I. 1 at 1) To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

The Complaint names three defendants, none of whom are State actors; two are private attorneys and the third is the owner of a UPS store. Lynn and Alderson are attorneys in private practice who represented JKMR and Berrie is the owner of a local UPS store. None are State actors. Plaintiff's conclusory allegations and misstatement of the law – for instance, that the under the color of law standard "applies to private actors" (including Defendants in this case) if they benefit "[f]rom application of those legal standards" (D.I. 1 at 2) – do not help her. Not one defendant is "clothed with the authority of state law," which is fatal to Plaintiff's § 1983 claims. *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). The Complaint does not state a claim for relief under § 1983. Therefore, Defendants' motions to dismiss this claim will be granted. Amendment is futile as to Plaintiff's federal claims.

Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims, wherein she alleges that "[a]lthough this case is actually . . . 'redress' under [the] provision[s] of 42 U.S.C. § 1983, each and every Defendant will be accused under separate provisions of the State Statutes." (D.I. 1 at 2; *see also* 28 U.S.C.

§ 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Shahin v. Darling*, 350 F. App'x 605, 607 n.2 (3d Cir. 2009) ("To the extent that Shahin may have been alleging state law violations, the District Court was correct in declining to extend supplemental jurisdiction over any state law claims."). The State claims are set forth in Counts I, II, and III of the Complaint and will be dismissed.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motions to dismiss (D.I. 8, 14);[2] (2) deny as moot Plaintiff's motion-protest against harassment and intimidation (D.I. 15); (3) deny as moot Plaintiff's motion-request for the Court to rule on Defendants' motion to dismiss (D.I. 20); and (4) decline to exercise supplemental jurisdiction. (D.I. 20) Amendment is futile as to Plaintiff's federal claims.

An appropriate Order will be entered.

---

[2] Dismissal is also appropriate under the doctrine of claim preclusion, formerly referred to as res judicata. Claim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014). Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. To the extent Plaintiff seeks to raise additional claims alleging constitutional violations that could have been raised in her previous actions, those claims are barred. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (1999).

In addition, the Court does not address dismissal pursuant to Fed. R. Civ. P. 12(b)(1) other than to note there is no federal question jurisdiction, there is no diversity jurisdiction because the parties are all citizens of the State of Delaware and, following dismissal of the federal claims, there remain only claims raised under state law. *See* 28 U.S.C. § 1367(c).