IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1493 (VAC) |
| | ) |
| BETH P. BERRIE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 19th day of July 2022:

1. **Introduction**. Plaintiff proceeds *pro se*. On September 14, 2021, this Court granted Defendants' motion to dismiss, denied as moot Plaintiff's motion-protest against harassment and intimidation, denied as moot Plaintiff's motion-request for the Court to rule on Defendants' motion to dismiss, declined to exercise supplemental jurisdiction, and found amendment futile. This Court also noted that dismissal was appropriate under the doctrine of claim preclusion. (*See* D.I. 21, 22). Plaintiff moves for reargument under Local Rule 7.1.5. (D.I. 23). This Court construes the motion as a motion for reconsideration.

2. **Discussion**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiffs to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not

properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

3. Plaintiff asks this Court to reclassify her complaint for damages under the relevant and applicable federal statutes and/or mandate the Plaintiff to re-file her Complaint under that particular statute since she is a 71-year old national minority and a *pro se* litigant. (D.I. 23 at 7). This Court has reviewed the filings and considered Plaintiff's motion. She has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677.

4. **Conclusion**. THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED Plaintiff's motion for reargument under Local Rule 7.1.5. construed as a motion for reconsideration (D.I. 23) is DENIED.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge